[No. 7034.   Decided February 26, 1908.]

## M. H. WHITEHOUSE, *Appellant*, v. W. H. COWLES *et al.*, *Respondents.*[1]

LIBEL AND SLANDER—COMPLAINT.  A complaint for libel setting out the publication of the fact that plaintiff secured a marriage license, attempted to suppress the fact, and could not find the bride, is demurrable for want of sufficient facts, where it contains no inducement or innuendo and it is not alleged that any of the statements published are false; the statements not being libelous *per se*.

SAME—CONDITIONS PRECEDENT—NOTICE TO PUBLISHER—EVIDENCE—SUFFICIENCY.  Under Laws 1899, p. 101, requiring, as a condition precedent to an action for newspaper libel, the service of notice upon the publisher for a retraction of the publication, an action for libel is properly dismissed, where the only proof that the person served with notice was publisher of the paper at the time of publication consisted of a contract purporting to be signed by him as publisher, by one Y, his business manager, some months prior to the publication, and of two checks signed by him describing him as publisher of the paper, dated six to eight months after the publication of the libel.

Appeal from a judgment of the superior court for Spokane county, Joiner, J., entered December 15, 1906, upon the verdict of a jury rendered by direction of the court, dismissing an action for libel.  Affirmed.

*Willis H. Merriam* and *A. G. Gray*, for appellant.

*H. M. Stephens*, for respondents.

ROOT, J.—Plaintiff brought this action to recover damages· alleged to have been occasioned by certain matters published in the Spokesman-Review, of which defendants are alleged to have been the publishers.  From a judgment of dismissal, this appeal is prosecuted.

Two causes of action were set forth in the amended com-

[1]Reported in 93 Pac. 1086.

plaint. The first cause of action was based upon the following article published in said newspaper:

"That on the 14th day of July, 1904, at Spokane, county of Spokane and state of Washington, the defendants published a newspaper called the Spokesman-Review, that on said 14th day of July, 1904, the defendants published in said newspaper the following words of and concerning the plaintiff:

" 'Secured license but no bride. Matrimonial plans of well known Spokane Pioneer fail of Realization. M. H. Whitehouse-Clara Reed. Fifty-year old would be Benedict does not know where prospective bride is.

" 'Mysterious unforseen circumstances have intervened to prevent the contemplated marriage of M. H. Whitehouse, a well known pioneer citizen of Spokane, to Clara S. Reed. What the circumstances are Mr. Whitehouse declines to explain and diligent efforts to locate the prospective bride, in order to ascertain her version of the story, have proven unavailing. Mr. Whitehouse secured the license at the office of the county auditor last Saturday. He appeared at the office about the hour of closing and by arrangement with Auditor Stewart, planned to have the license issued to him recorded after the office had been closed and kept from the public and the press until Monday morning. Mr. Stewart signed the application for the license as witness identifying the prospective bridegroom and certifying that the prospective bride is of marriageable age. Monday Mr. Whitehouse appeared at the county auditor's office again to ascertain whether the fact that the license had been issued could not be withheld from the public, and, upon ascertaining that it could not be arranged with the auditor's office, again set out in search of the reporters with a view of urging them to withhold the publication. Whatever the reason the marriage has not occurred. Mr. Whitehouse when seen last night at his place of business at 1025 Sprague Ave., said: 'I am not married and there appears no immediate prospect that I shall be. Further than this I have nothing to say.' Who is Clara E. Reed, the woman in the case? he was asked. 'I do not know who she is, nor where she is. In fact I know nothing about her. I have nothing to report. When there is anything to report, I will let you know.' In the application for the marriage license Mr.

Whitehouse gave his age as 50 years and that of his prospective bride 37.   Mr. Whitehouse has lived in Spokane for a number of years and makes his home at E. 2103 Fourth ave. He is engaged in the millinery business on Sprague Ave. near Lincoln street.' "

There is no direct allegation that any one of these statements is untrue, and only by inference or implication does it appear that any portion is untrue.   There is nothing to show that respondent Cowles had any knowledge of the publication of the article, or had anything to do personally therewith.  A demurrer to this cause of action was sustained by the trial court.

We do not think that the language of the published article constitutes a libel *per se*, and there is no inducement, colloquiam, or innuendo pleaded.   The ruling of the trial court in sustaining the demurrer to the first cause of action must be sustained.

The defendants interposed an answer to the second cause of action.   A motion to strike a portion of this answer was made by plaintiff, and denied by the trial court.   Plaintiff then demurred to the answer, but his demurrer was overruled.  These rulings are assigned as error; but it is unnecessary for us to pass upon them by reason of our conclusion relative to another question in the case.   The statute, Laws 1899, page 101, provides that, before any action for libel shall be brought, the aggrieved party shall serve notice on the publisher or publishers of the newspaper, specifying the statements in said article which such party alleges to be false and defamatory. Such a notice was served upon Cowles; but at the trial there was no competent evidence to prove that he was the publisher of the paper on the 19th of July, 1904, the date when the offending article appeared.   The proof offered to establish this fact consisted of two checks, dated respectively December 10, 1904, and March 21, 1905, and a contract dated May 19, 1904, the checks being signed, "The Review Publishing Co., W. H. Cowles, Publisher," and the contract being signed,

"The Review Publishing Co., W. H. Cowles, Publisher, by J. F. Young, Business Manager." It will be noticed that the dates of these instruments are considerably removed from that upon which the article in question was published; that none of them bears the signature of the respondent company; and that in the contract the name of Cowles appears to have been signed by another. In the light of these facts and the rule of law against proving agency by the declarations of an alleged agent, it must readily appear that the proffered documents were, as primary evidence, incompetent. This was the view of the trial judge who directed a verdict in favor of the defendants, and upon which the judgment of dismissal was entered.

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., CROW, and MOUNT, JJ., concur.